**In re RODOLITZ HOLDING CORP.,
Abraham J. Rodolitz and Anna
Rodolitz, Debtors.**

**Bankruptcy Nos. 893–80785, 893–80786.**

United States Bankruptcy Court,
E.D. New York,
at Westbury.

Feb. 15, 1995.

Shaw, Licitra, Parente, Esernio & Schwartz, P.C. by Jeffrey M. Zalkin, Edward M. Flint, Garden City, NY, for debtors.

Windels, Marx, Davies & Ives by Charles E. Simpson, Arthur E. Hoffmann, Jr., New York City, for CRI.

Herrick, Feinstein, L.L.P. by Joseph M. Vann, New York City, for Stanley Gallant and GMS Capital Corp.

Terese A. Cavanagh, Asst. U.S. Trustee by Stan Yang, Garden City, NY.

*DECISION AND ORDER ON MOTION PURSUANT TO LOCAL RULE 22, BANKRUPTCY RULES 4001(c), 9014 AND 11 U.S.C. § 364(c)(2) OR 364(d)(1) APPROVING A CERTAIN REFINANCING AND MODIFICATION AGREEMENT*

EDWARD J. RYAN, Bankruptcy Judge.

By application, the debtors request:

the Court sign an Order granting debtors' Motion to approve obtaining credit under the proposed Modification Agreement which, *inter alia,* (a) requires individual debtors' to grant a first priority mortgage on 40 Neptune Avenue, Woodmere, New York, (b) modifies the Stipulation of Compromise and Settlement between debtors and the Federal Deposit Insurance Corporation, as Receiver of Dollar Dry Dock Bank, dated November 30, 1993, the Note and Mortgage Modification Agreement, dated December 17, 1993, and (c) grants to the debtors such other and further relief as the court deems just and proper.

The application is brought on by "Notice Of Motion Pursuant To Local Rule 22, Bankruptcy Rules 4001(c), 9014 and 11 U.S.C. § 364(c)(2) or 364(d)(1) Approving A Certain Refinancing And Modification Agreement."

The matter came on for hearing on the 15th day of February 1995. At that time the debtors appeared and parties in interest were identified. Nobody took a position in opposition to the application.

The United States Trustee had no comment on the application.

After hearing, the court confessed that it was uncertain just what was before it to "approve." For lack of information, the court declines to sign an order approving the transaction, none being required by the statute. *Cf. Protective Committee For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968).

The court "authorizes" the performance sought to be approved.

If an objective party in interest were active in this case, the court might be presented with the necessity of deciding whether this somewhat convoluted proposition is not in effect a "sub-rosa plan" looked upon with disfavor and condemned in some courts under the theory expressed by the court in Braniff:

The debtor and the Bankruptcy Court should not be able to short circuit the requirements of Chapter 11 for confirmation of a reorganization by establishing the terms of the plan sub rosa in connection with a sale of assets.

*Pension Benefit Guaranty Corporation v. Braniff Airways, Inc. (In re Braniff Airways, Inc.),* 700 F.2d 935 (5th Cir.1983).

The Fifth Circuit held that the district court was not authorized by § 363(b) to approve the PSA transaction and states, "[i]n any future attempts to specify the terms whereby a reorganization plan is to be adopted, the parties and the district court must scale the hurdles erected in chapter 11." (citing as examples §§ 1125 (disclosure requirements), 1126 (voting), 1129(a)(7) (best interest of creditors test), and 1129(b)(2)(B) (absolute priority rule)).

This Braniff principle has been followed.

In the absence of any opposition, the court is not required, at this time, to rule upon the question. It is not necessary for the court to "approve" the conduct sought to be sanctioned. Pursuant to the statute the court "authorizes" the proposed transaction.

The motion is granted to the extent that it finds the contemplated actions are authorized.

It is so ordered. Let judgment enter accordingly.